# EXHIBIT A

| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| COUNTY OF DAVIDSON | SUPERIOR COURT DIVISION |

Case No. 22-CVS-586

HENRY ANTOINE GILL, )
        Plaintiff, )
)
vs. ) **COMPLAINT**
) **(JURY TRIAL DEMANDED)**
)
SENECA EARL WRIGHT and )
SCHNEIDER NATIONAL CARRIERS, )
INC. )
**Individually and Jointly,** )
)
)
        Defendants. )
)

COMES NOW Plaintiff, HENRY ANTOINE GILL, by and through counsel, and makes this Complaint against Defendants, Seneca Earl Wright and Schneider National Carriers, Inc. Individually and Jointly. In support thereof, Plaintiff alleges upon information and belief as follows:

## JURISDICTION AND PARTIES

1. Plaintiff, Henry Antoine Gill (hereinafter "Plaintiff"), is a citizen and resident of Columbia, Richland County, South Carolina.

2. Defendant Seneca Earl Wright (hereinafter "Defendant Seneca") is a citizen and resident of Lorton, Fairfax County, Virginia.

3. Defendant Schneider National Carriers, Inc. (hereinafter "Defendant Schneider") is a limited liability company organized and existing with a registered agent/office: CT Corporate System at 160 Mine Lake Court Ste. 200, Raleigh, NC 27615 and at all times herein alleged, was actively doing business in the State of North Carolina.

4. Venue is appropriate and proper in Davidson County, North Carolina because the motor vehicle collision, which is the subject matter of this Complaint, occurred in Davidson County, North Carolina.

## FACTS

5. Plaintiff realleges all prior allegations as set forth full herein.

6. On or about May 4, 2019 (hereinafter "the date of the collision"), Plaintiff was lawfully operating his motor vehicle, a 2019 International Truck (hereinafter Plaintiff's vehicle"), traveling South on I-85 in Lexington, Davidson County, North Carolina.

7. On the date of the collision, Defendant Seneca was operating a 2018 Frontliner Truck owned by Schneider National Carriers, Inc. with the full knowledge, permission and consent of Schneider National Carriers, Inc. Defendant Seneca was operating said automobile in a general North direction when the Defendant fell asleep at the wheel, failed to reduce the speed of his vehicle and to keep a proper lookout thereby causing the collision. Defendant Seneca was charged a citation for failure to maintain lane.

## FIRST CLAIM FOR RELIEF
### Negligence of Defendant Seneca Earl Wright

8. Plaintiff hereby incorporates the allegations contained in prior paragraphs of this Complaint by reference thereto, as of herein fully set forth.

9. Defendant Seneca had a duty to keep a proper lookout while in operation of his vehicle, to operate his motor vehicle in a careful and prudent manner, to properly control and maintain his vehicle under the weather condition and to obey all applicable traffic regulations, laws, signs and signals so as to avoid the collision and injuring Plaintiff.

10. Notwithstanding the above-referenced duties, and in breach of such duties, Defendant Seneca was negligent. Such negligence was willful, wanton, reckless careless and grossly negligent at the time and place above-mentioned and in the following particulars:

    a. In failing to keep his vehicle under proper control;

    b. In failing to properly and lawfully operate his vehicle on the roadways of the state of North Carolina in accordance with the common and statutory laws of the same;

    c. In driving carelessly and failing to keep a proper lookout;

    d. In failing to use the degree of care and caution that a reasonably prudent person would have used under the circumstances then and there prevailing.

    e. Failed to take other reasonable steps to prevent a collision;

    f. Failed to decrease the speed of the vehicle that he was operating to the extent necessary to avoid colliding with any person, vehicle or other conveyance on the highway and to avoid injury to any person or property in violation of §20-141(m) of the General Statutes of North Carolina; and

2

g. Failed to properly apply brakes, stop vehicle, turn said vehicle aside, or otherwise exercise due care to avoid the collision, after the danger of said collision was discovered by him and although he was on notice and had the time and means available to do so.

11. Defendant Seneca had a duty to operate his motor vehicle in a careful and prudent manner, so as to avoid striking Plaintiff's vehicle.

12. The collision was caused by the negligence of Defendant Seneca.

13. The collision occurred without any negligence or want of due care on the part of Plaintiff. Thus, Plaintiff neither directly nor indirectly contributed to the automobile collision or his injuries.

14. As a direct and proximate result of Defendant Seneca's negligence, Plaintiff sustained serious physical injuries, and damages in excess of Twenty-Five Thousand Dollars ($25,000.00).

## SECOND CLAIM FOR RELIEF
### Negligence Entrustment of Defendant Schneider National Carriers, Inc.

15. Plaintiff hereby incorporates the allegations contained in prior paragraphs of this Complaint by reference thereto, as of herein fully set forth.

16. At the above-referenced time and place, Defendant Schneider was the owner of the 2018 Frontliner automobile operated by Defendant Seneca.

17. As the owner of said 2018 Frontliner automobile, Defendant Schneider owed a duty to the public to entrust the operation of the 2018 Frontliner automobile to individuals who would operate said automobile in a responsible manner, in compliance with the laws and with the rules of the road, and who would not pose a risk to the general public when entrusted with the use of its motor vehicles.

18. Defendant Schneider owed a duty to the general public, including Plaintiff, not to negligently entrust the use of the 2018 Frontliner automobile to individuals that violate the rules of the road and operate motor vehicles carelessly and recklessly.

19. Defendant Schneider breached the aforesaid obligations by entrusting the use of the 2018 Frontliner automobile to Defendant Seneca at the aforementioned time and place.

20. Plaintiff's aforesaid injuries and damages were directly and proximately caused by Defendant Schneider negligently entrusting Defendant Seneca with the 2018 Frontliner

automobile.

21. As the direct and proximate result of the aforesaid negligence and breach of duties of Defendant Schneider. Plaintiff has sustained personal injuries and damages in a sum in excess of Twenty- Five Thousand Dollars and No/100 ($25,000.00).

## THIRD CLAIM FOR RELIEF
### Respondent Superior of Defendant Schneider National Carrier, Inc.

22. Plaintiff hereby incorporates the allegations contained in prior paragraphs of this Complaint by reference thereto, as of herein fully set forth.

23. At all times herein relevant, Defendant Seneca was an agent and employee of Defendant Schneider.

24. Defendant Seneca was acting within the course and scope of his employment and/or agency with Defendant Schneider at the time of the events giving rise to this complaint.

25. At the time of the collision, Defendant Seneca was acting in furtherance of his employment and agency with Defendant Schneider.

26. Defendant Schneider is responsible for the actions or omissions of its employee and/or agent, Defendant Seneca, giving rise to this complaint.

27. The negligence of Defendant Seneca is imputed to Defendant Schneider by application of respondent superior and general principles of agency.

28. As a direct and proximate result of the aforesaid negligence and breach of duties of Defendant Schneider, Plaintiff has sustained personal injuries and damages in sum in excess of Twenty-Five Thousand Dollars and No/100 ($25,000.00).

**WHEREFORE,** Plaintiff requests

    a. Compensatory damages in excess of Twenty-Five Thousand Dollars ($25,000.00) as determined by a jury, plus interest and costs, against Defendant Seneca Earl Wright including:

        1. Expenses for care, treatment and hospitalization incident to the injury;

        2. Compensation for pain and suffering of the plaintiff;

        3. Compensation for future medical care; and

4. Compensation for past and future loss of wages.

    5. Compensation for property damages.

b. Such other and further relief as this Court may deem just, proper and equitable, including attorney's fees.

c. Compensatory damages in excess of Twenty-Five Thousand Dollars ($25,000.00) as determined by a jury, plus interest and costs, against Defendant Schneider National Carrier, Inc. including:

    1. Expenses for care, treatment and hospitalization incident to the injury;

    2. Compensation for pain and suffering of the plaintiff;

    3. Compensation for future medical care; and

    4. Compensation for past and future loss of wages.

    5. Compensation for property damages.

d. That Plaintiffs have and recover judgement against Defendants jointly and severally in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00) for Plaintiff's personal injuries and damages; and

e. Such other and further relief as this Court may deem just, proper and equitable, including attorney's fees.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES TRIABLE OF RIGHT BY A JURY IN THIS ACTION.**

Dated this 22rd day of March 2022.

William H. Harding, NC Bar # 40623
Law Offices of William H. Harding
9115 Harris Corners Parkway, Suite 220
Charlotte, NC 28269
704/509-3090
704/919-5620 (fax)
Attorney for Plaintiff

5

# Davidson County Clerk of Superior Court
# Civil Receipting

| VCAP Receipting (Print validation on back of form.) | File No(s). 22 CVS 586 |
|---|---|
| | Book and Page or Abstract (Judgment) No. |
| **Total Due: $ 200.00** | Payor Name Henry Antoine Gill Jr |
| | Payee Name Seneca Earl Wright |

**FLAG FOR VCAP = YES**

EXECUTION/POSSESSION:
☐ (21430) $ _____

TRANSCRIPT FEE:
(21440) $ _____

MISC FILING FEE:
☐ (21435) $ _____
Claim of Liens $6.00 + 0.25 for each add'l page
(ESC, IRS, State Tax)

**FLAG FOR VCAP = NO**

POSSESSION:
☐ (21440) $ _____

COPY:
☐ (21410) $ _____

MISC:
☐ (21400) $ _____
(Exemplifications, Return to Maiden Name, Voluntary Support Agreement)

**FLAG FOR VCAP = NO**

JUDGMENT PAYMENT: (26120) $ _____
☐ Full ☐ Partial

NOTICE OF HEARING
BY DEFENDANT: (21450) $ _____

CASH BONDS: (26210) $ _____

UPSET BIDS: (26700) $ _____

RENT BONDS: (26220) $ _____

CONDEMNATIONS: (26130) $ _____

REFUND OF FEES: (29100) $ _____

MINOR FUNDS: (26310) $ _____

**FLAG FOR VCAP = YES**

FILING FEES:
☑ CVSC $ 200.00
☐ CVDC $ _____
☐ CVMC $ _____
☐ CDDC $ _____ **Flag=NO**
(Displaced Homemaker)

SERVICE FEES
☐ Sheriff $ _____ (22515)
☐ City $ _____ (23515)

Municipality: _____
County of Other Jurisdiction: _____

MISC:
(21400) $ _____ **Flag=YES**
(Confess Judgment, etc.)

**FLAG FOR VCAP = YES**

JUDGMENT PAYMENT: (26115) $ _____
☐ Full ☐ Partial

A&P/ENDORSEMENT (21455) $ _____

NOTICE OF HEARING
BY PLAINTIFF: (21450) $ _____

ATTORNEY FEES: (24610) $ _____

ATTORNEY APPT FEES: (26115) $ _____

BOND FORFEITURE: (22800) $ _____

ARBITRATION: (24311) $ _____
(After Judgment "M" Number)

ARBITRATION APPEAL: (24310) $ _____

ARBITRATION ASSMT FEE: (24311) $ _____

3-31-22    LB

DAVIDSON COUNTY CLERK OF COURT

0226393          03/31/22  10:27:15

PAYOR: GILL,HENRY,ANTOINE
PAYEE: WRIGHT,SENECA,EARL
CASE#: 22CVS000586 VCAF;Y
CITA#:

| | |
|---|---|
| 21120 SC-CIVIL FEES | 179.05 |
| 21124 SC-CV LAA FEES | .95 |
| 24631 JUD TECH & FAC | 4.00 |
| 22120 CO FAC FEE S CV | 16.00 |
| TOTAL PAID | 200.00 |
| CC TENDERED | 200.00 |
| CHANGE | .00 |

6513   ID C26IMP